Thomas J. Polis, Counsel for Appellant William V. Thomas, Rosendo Gonzalez, Chapter 7 Trustee, Appley. Good morning, Your Honor. I'm Tom Polis on behalf of the appellant, William Thomas, the debtor. Okay. And as far as the court's initial inquiry on the last matter, I guess I'll reserve five minutes. Okay. I appreciate the court's interplay because, as Your Honor's are sure aware, by the time we get to this point, we're kind of argued out, so to speak, as far as other issues. Oh, I hope not. And not argued out, but as far as spitting it out, so to speak, I should say. No, no. It's very exciting to be standing where you are, and you can lose track of time. I get it. No, I appreciate that. Okay. So, five minutes. You got it. I'm a big Cigarettes fan, so I keep an eye on the clock. You got it. Okay. I know everything happens in an NBA game in the last five minutes. Okay. Again, I appreciate it. Again, we briefed this. I'm just going to maybe hit the highlights, and I'm sure Your Honors will have questions for me. We're here to deal with the issue of whether the debtors allowed an exemption in various accounts. We believe, notwithstanding Judge Brand, a great judge. In fact, I sat next to her at a UCLA basketball game a couple weeks ago, accidentally. Is that a disclosure? We can disclose that, sure. She's class of 81. I'm class of 82. Anyways, she kind of looked at me when I walked in. I kind of rolled her eyes, but I'm used to it. Anyways, the point is we believe, the debtor believes, I believe, on behalf of the debtor, that reversible error was committed. I know that's an abusive discretion. I know that's a very high burden, a very tough burden to match, but we believe in this case that that happened. Again, as we briefed many times, we're talking about various accounts with approximately $113,000. The debtor, as we noted in various pleadings, and it's undisputed, is at the time of the petition, a 68-year-old man, which isn't that old anymore. I know that now, but the point is has health problems, is basically unemployable, and $113,000, a partial part of that is pre-tax money in an annuity that he will need that money for his retirement. He doesn't have any dependents. He's just himself. The point is the court didn't focus like she should have on the needs issues. It was kind of glossed over. I mean, the debtor's schedules I and J show that the debtor was running approximately a $2,000 a month deficit as of the date of the petition, and on an annual basis, what's $20,000, $25,000, $113,000 goes pretty quick. The fact that the debtor, again, not old in this day and age, but still not young either, and was essentially unemployable because of his health problems that we noted, his diabetic issues, his coronary issues, and the fact that the debtor's sole source of employment for the 20-plus years prior to the bankruptcy was a high-end outdoor furniture store that he had out in the desert, which we also had filed a Chapter 7 for that entity. So the assets the debtor had for his expected retirement, he needed it all. And as far as the court addressing, oh, he won't need this because of this issue or that issue, there wasn't that specificity. I know the burden is on the debtor to show that I need this money. I need it for my future. I believe we met that burden, and as far as sort of shifting the burden to say, oh, no, you don't need that. You don't need this. You don't need that. And when the debtor's schedules I and J showed at the time of the petition that he was running approximately a monthly $2,000 deficit that he had to get somewhere, I think speaks volumes. And keep in mind, this case was filed in early 2024. The trustee dealt with the – there were many, 7, 8, 9, 10 continued 341A hearings where we kept providing documents to the trustee, bank statements, checks, et cetera. And the point is the objection to the exemption was finally filed, I believe, in March or April of 25, nearly a year and a half after the bankruptcy was filed, or maybe a year and two or three months, not a year and a half. And from the point of the petition to the point that the objection was filed, the debtor had incurred – I think it was – I said approximately $20,000 in extraordinary expenses. He lives in a house that's 75 years old. Things will happen. He had car issues. He had to pay additional legal fees to deal with the objection. So things come up. Things will come up in life. Notwithstanding, we like certainty at certain points in our life. But the point is we don't believe that the court – essentially the court did abuse her discretion when she did not find that the monies that the debtor was trying to say or trying to assert was exempt for his future retirement, that she didn't object or, excuse me, meaningfully beat our burden, so to speak. And some of the issues that were brought up in the court's final ruling was, for example, that, oh, the debtor has excess equity in his homestead. Well, he has homestead equity protected. Excuse me. Equity is homestead that's covered by the exemption. I don't think there's a case that says that the court can look at the equity, homestead equity in a debtor's home. I mean, as we all know – Well, let me interrupt you on that. Sure. So this is under the California Code of Civil Procedure exemptions. Correct. This is a necessities exemption. That's correct. It's necessary for the support of the debtor, judgment debtor. But California CCP 703.115 says that there's an additional requirement when a judgment debtor asserts a necessities exemption, and it requires the court to take into account all property of the judgment debtor, whether or not such property is subject to enforcement of the money judgment. Now, that's not a quote, but that's my understanding of that section. So this is a necessities exemption. Doesn't the California Code require Judge Brand to take into account all other property of the judgment debtor, whether or not such property is subject to enforcement of the money judgment? So I think it required her to take into account what equity the debtor had in this property and the IRA that the debtor had. Well, as far as to address Your Honor's issue on the equity in the homestead, that's not a liquid asset. I mean, he would have to sell that home. I don't, but that's not what the code requires. The California Code requires the court to take it into effect. It doesn't say you have to liquidate it. It just says what other property does the debtor have when you're analyzing whether or not the exemption is something that's necessary for the support of the debtor. I don't think the California, it says whether or not it's subject to enforcement of a money judgment. Well, that wouldn't be enforcement. That wouldn't be available for enforcement. In the event of a money judgment, theoretically, as you raised on the last case, if there was no bankruptcy filing, the debtor could assert that homestead exemption, and there's nothing a judgment creditor could do. I understand that. I'm not disagreeing with that. What I'm saying is that under California law, under California Civil Procedure Code, Section 703.115, when the court is looking at a necessities exemption where the exemption is to the extent of the support of the judgment debtor, the judgment, among other things, the court's required to take into account all property of the judgment debtor, whether or not that property is subject to enforcement. So what I'm saying is doesn't California Civil Procedure Code Section 703.115 require Judge Brand to look at the equity of the residents and to look at the IRA in her evaluation of whether or not the deposit accounts were necessary for the support of the debtor? Your Honor, hopefully I'm not causing additional problems for my case here since I am the appellant. You referred to CCP 703, but I believe the debtor asserted various exemptions under 704. We have, as Your Honor is aware, we have the two different tracts in California, and my debtor has asserted the 704 exemption. So the 703 exemption you're referring to, I don't know if that's... I think I will double check, but I'm pretty sure that that is how Your Honor interprets the exemptions under 703 and 704. Okay. Again, using the sort of illiquid homestead exemption... You say it's illiquid, okay, but if you're looking at what is needed, you know, the necessity of this debtor to survive after bankruptcy, if a debtor has a homestead and they don't have... and they're not going to lose their home because they can protect it from their homestead, they don't have to go out and spend money to rent a property. I mean, isn't that related to their necessity? They need money to survive what's necessary to survive, and if they don't... and because if they have a homestead, they may not need to spend money on rent. Well, yeah, of course. Yeah, you get the choice. Are you going to pay rent or are you going to pay a mortgage payment and own a home? This debtor owns a home. He pays a mortgage. But the equity that you're exempting is above... is the value over and above the mortgage. Yeah, it's the equity within the debtor's homestead exemption. I mean, it was substantially below. This case was filed in 24. In early 24, the homestead exemption in California, after I believe it was 1-1 in 21, jumped to $600,000 plus. So, but I don't, again, I don't see that we're sort of mixing apples and oranges here that, oh, debtor, you're kind of low on cash, but you have a sizable homestead exemption or equity in your homestead. Well, there's nothing the debtor can do with that equity. Let's take a mortgage. Let's say the mortgage is $100,000 and the debtor takes the equity in the house above that and claims it is exempt. The payments on a $100,000 mortgage turn out to be a lot less than what it would be to rent a property as an alternative. So you look at that, the fact that they can save the home, and by doing it, by using that homestead exemption, they are eliminating the necessity to pay more for a piece of property. Doesn't that all work together in determining whether or not it was necessary for this debtor to save these other funds? Because they wouldn't have needed some of it to pay rent. Well, I guess, I mean, and the only, I guess my response to that is, okay, he owns a home, the debtor owns a home, owns a half-interest in a home, and the debtor doesn't have to pay rent. But by owning that home, to keep this 75-plus-year-old home in Long Beach, you know, things will happen. And we talked about that in expenses that were incurred from the date of the petition until the objection came up, the exemption objection. There's, you know, there was roofing issues and things that will happen. Can I throw an idea in there and see if maybe, Dan, you want to think about this and reserve time? I think to Judge Nieman's point, what the California legislature told Judge Brand to do was look at the overall assets, including those that might have been protectable, you know, under exemptions theories. And that, when you're talking about necessity, the question wasn't could he get a reverse mortgage, which is kind of where you're going here, right? That's not up to her. What's up to her is were there assets? And the answer was yes. So if you want to pause at that point and think about that, you're at three minutes now. Great. I reserve five, so I'm underneath. Yeah. Okay. So I guess I will, unless your honors have a question for me, I guess. If you want to reserve now, yeah, I'll give you the other side. Okay. Do I hit the buzzer? No, no, you're all good. We're good? Okay. Okay, thanks. Thank you. Okay. Good morning. May it please this panel. My name is Jacinto Gonzalez. I'm the Chapter 7 trustee. I'm accompanied by Secretary Gonzalez of Gonzalez-Gonzalez Law, who's my General Bankruptcy Counsel in this case. I'm going to try to cover the points that Mr. Paul has raised, but I want to start with Judge Niemann's point. Actually, the statute, CCP 703580, which is the one that requires the burden of proof on the debtor regarding the exemption, actually says, if a claim of exemption assets that money in a judgment debtor's deposit account is or was necessary for support of the judgment debtor as provided in Section 704-225, the court shall review the judgment debtor financial statement and make findings thereon. So it ties that 703-115 with the 704-225, which was the point that Judge Niemann was trying to raise. Just because the debtor is asserting the 704-225 to the extent necessary. So that's a rule of construction that would cover both. That's right, that's right, that's right. So it's not just because it's 704, you can't look at the 703 statute, which is on point, the 703-115. The argument about this Schedule I and J, the 2000 deficit, that's absolutely not true. There were three sets of Amendments Schedules I and J, and as Judge Brand specifically noted as part of on the record and on her ruling, the final Schedule I and J, the deficit was 477.14, not $2,000. In addition to that, as Judge Brand also pointed out, there was a double counting because they were counting for the property taxes, even though they already counted another $2,400 that had been paid for the property taxes. So it's probably lower than the 477.14, not $2,000 deficit as Mr. Paulus stated. That's not true. The argument about any expense incurred after the bankruptcy petition is irrelevant. There's case law that I set forth on my appellate brief where exemptions are determined as of the day of the bankruptcy filing. Anything afterwards, it's irrelevant. And Judge Brand focused as of the day of the bankruptcy filing, what was the evidence before her at that time. Regarding the medical expenses, and again, Judge Brand and I covered that in the hearings, and it's on the record, Judge Brand specifically asked, give me evidence showing these medical expenses. And the whole argument was specifically those three years before the bankruptcy filing where within 60 days before the bankruptcy filing, the debtor disappeared $93,000. And there was no evidence how that was spent. But Judge Brand gave him three opportunities. Give me evidence how you have these extraordinary American expenses that somehow is going to create an additional necessity going forward, even though the debtor had insurance as set forth in Schedule J. The only thing that was provided in respect to any medical expenses was $5,000 for the three years prior to the bankruptcy filing. And out of that, $2,000 was for the dental expenses. So there was no evidence regarding all these extraordinary medical expenses, none, zero. About this whole discussion about the assets, at no time did Judge Brand say, you need to get a refinance or you need to sell the property. I know that Mr. Paulus made that point on his appellate brief, but there was nothing on the record. Judge Brand simply noted, as she's required, and in fact, I actually quoted case law, State Court O'Brien, where you're supposed to look and you're required to look at the debtor's assets, the totality of those assets. Judge Brand simply said it for the record, which is accurate. The debtor had not only the equity on the property of almost $400,000, the debtor also has his IRA that had over $300,000. She didn't say you have to sell it. She didn't say you have to get a finance. She just looked at the totality of the debtor's assets to make that conclusion. If we take Mr. Paulus' argument, what about if there was no bankruptcy filing? In State Court, it would be the same thing. A creditor can still go after these CDs, the bank accounts, the annuity, under the same argument. It will still be the same thing. So if you're not filing for bankruptcy, a creditor can still try to go after those assets, and it will still be the same analysis under State law, under 703.115, whether it's necessary. So the analysis doesn't change whether it's in bankruptcy court or State court. I know that Mr. Paulus started with the argument that somehow Judge Brand abuses discretion. There's nothing on the record showing that she abused her discretion. She didn't commit any errors. She looked at the evidence she's required to look at. I understand the debtor in the appellant doesn't like the result, but that's not a basis to show abuse of discretion. You actually have to show where she made a mistake. And, again, I'm a bankruptcy trustee, and I probably ran about, I don't know, 30,000, 40,000 cases. In this case, Judge Brand bent backwards. She allowed three different set of supplemental briefings. She allowed three hearings on this. She gave the debtor over and over an opportunity to provide evidence, which, by law, he has the burden approved. There's nothing before Judge Brand to justify that these $116,000 of cash is necessary in view of all the assets. And I don't have anything more to add unless this panel has any questions. I don't. Thank you very much. Thank you for giving me the opportunity. Thank you.  I have nothing further unless the panel has any questions of me. Again, I believe the debtor sustained his burden to show that these funds were necessary. And as far as the trustee's comments that, yeah, it's standard bankruptcy. We all know this, all of us bankruptcy specialists, that exemptions are determined on the petition date. But what we showed the court, that, you know, the necessity, the need for future unknown expenses, wherever they would come from, that occurred from the date of the petition until the objection was filed sometime a year, year and a half later, I think was very much relevant to show that who knows what will happen in the future, and that this $113,000 that we're asserting should be fully exempt would be needed in the future based on what the debtor incurred from the petition date to the date of the objection. It wasn't as if the debtor was going to tropical islands and sitting on beaches at $1,000 a night hotels. The necessity issues as far as car expenses, house expenses, etc., health expenses, etc., we believe those all fall within the necessity requirement. I have nothing further unless the panel has anything of me. I do not? No. Thank you. I appreciate good arguments. The matter is submitted, and we'll get your written decision as soon as we can. Thank you. Thank you. Nice to see you all.
judges: Lafferty, Corbit, and Niemann